MAX M. LIPETZ, Respondent, v. ALBERT J. PAPISH, Appellant.— In an action in ejectment, defendant appeals from a judgment in favor of plaintiff. Judgment reversed on the law, without costs, and complaint dismissed. The findings of fact are affirmed. The deed from Lewis Terry to the Long Island Rail Road Company did, as the learned Referee concluded, grant a fee simple on limitation. The limitation would occur when that company no longer should need the premises for railroad purposes. Lack of need by the company is established by its deed to the appellant, pursuant to the order of the United States District Court. Respondent can eject the appellant only if respondent has the right to possession. The deed from Lewis Terry to the Long Island Rail Road Company provided that when the company no longer required the property, "the same" was "to revert to the then owner of the adjoining premises upon the said north side of this strip". The part granted and the adjoining premises to the north constituted the farm of Lewis Terry, the grantor. Who the "then owner" of the land not conveyed would be when the limiting event might occur could not be foretold. Neither could it be then known whether the event would occur, and if it did, when that would be. If the grantor intended by the "then owner" to embrace someone other than himself or his heirs, the deed was ineffective to create any right in such other. (Cf. *Walker* v. *Marcellus & Otisco Lake Ry. Co.*, 226 N. Y. 347.) Respondent obtained no title by reason of the deed of Lewis Terry to the Long Island Rail Road Company. Neither did he under the deed from Leander Terry and his wife. Specifically, the latter excepted from the grant to respondent the premises which had been conveyed to the railroad company. Assuming that the possibility of reverter is alienable under our law, there was no grant to respondent of such possibility. The appurtenances which were granted were those pertaining to the parcel conveyed, and such appurtenances did not embrace the title to any part of the land which had been conveyed to the Long Island Rail Road Company. (*Ogden* v. *Jennings,* 62 N. Y. 526.) *Thypin* v. *Magner* (28 N. Y. S. 2d 262), relied on by the learned Referee, is not applicable. There the fee had ended by the event on the happening of which it was to end. The reverter was then complete and the heirs of the grantor had the title and could convey. Nolan, P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., dissents and votes to affirm with the following memorandum: On October 6, 1855, Lewis Terry, owner of a twenty-acre farm, granted to the Long Island Rail Road Company a fee to a strip of land 100 feet wide (part of the farm) to be used for railroad purposes and, when no longer required by the said company, to revert to the "then owner" of the adjoining premises on the north side of the said 100-foot strip. The twenty-acre parcel adjoined the premises on the north side of the 100-foot strip. Thereafter Lewis Terry conveyed his interest in the farm to his son, Leander Terry, who in turn conveyed to his mother. When the mother died, Leander acquired the interest of his mother by devise. On March 15, 1926, Leander Terry and his wife conveyed the twenty-acre parcel to respondent, together "with the appurtenances and all the estate and rights" of the grantors "in and to said premises". On September 26, 1950, the trustees of the railroad quitclaimed to appellant their right in a strip of land about 70 feet in width, which is part of the 100-foot strip granted to the railroad on October 6, 1855. In this action in ejectment with respect to the latter 70-foot strip, the Official Referee, to whom the matter was referred to hear and determine, granted judgment for respondent.

The result reached by the majority for reversal and dismissal of the complaint recognizes that appellant does not have title to the 70-foot plot in question. The majority is of the opinion that title is in the heirs of Lewis Terry. Such a holding ties up the title indefinitely. I agree with the majority that the 1855 deed from Lewis Terry to the railroad was the grant of a fee on conditional limitation and that the contingency on which the fee was limited has occurred. I also agree that respondent did not obtain title to the property in question by reason of the said deed from Lewis Terry to the railroad. However, I am of the opinion that respondent did obtain title under the 1926 deed from Leander Terry and his wife, not because of the "appurtenances" to the twenty-acre tract which the grantors conveyed (as the majority suggests), but because the grantors by that deed conveyed to respondent "all the estate and rights" which they had "in and to said premises", which included their rights to the possibility of reverter in the 70-foot strip.